THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE CHICAGO JUNCTION RAILWAYS AND UNION STOCK YARDS COMPANY, Relator, *v.* JAMES A. ROBERTS, as Comptroller of the State of New York, Respondent.

*Taxation — when a foreign corporation does business in this State — conclusiveness of the Comptroller's determination as to the amount of a tax.*

Upon a proceeding taken to review a decision of the Comptroller relative to taxing the capital stock of a foreign corporation, it appeared that the relator was a corporation, organized under the laws of the State of New Jersey and described by its treasurer as "a proprietary company;" that its entire capital was invested in the stock of another foreign corporation, known as the "Union Stock Yards and Transit Company of Chicago, Illinois;" that it had an office in Jersey City and also one in New York city, in which latter city the dividends upon the stock held by it were received and its directors met and declared divi-

dends upon its own stock, which were transmitted by checks drawn in and sent from New York city.

*Held,* that the corporation did business in the State of New York and was taxable therein. That being thus taxable, the decision of the Comptroller as to the amount upon which it should be taxed would not be disturbed unless clearly shown to be erroneous.

CERTIORARI issued out of the Supreme Court and attested on the 3d day of May, 1895, directed to James A. Roberts, Comptroller of the State of New York, commanding him to certify and return to the office of the clerk of the county of Albany all and singular his proceedings, decisions and actions, as such Comptroller, in the premises, and also a statement of such facts as may be pertinent and material to show the legality or illegality of an assessment made by him for taxes upon the relator, and also his acts and proceedings, with all papers, documents and records before him pertaining to the application for the revision and resettlement of said tax, to the end that such decision on such application might be reviewed by the court both on the law and on the facts.

*William D. Guthrie* and *Edward D. O'Brien,* for the relator

*G. D. B. Hasbrouck, Deputy Attorney-General,* for the respondent.

HERRICK, J.:

This is a certiorari to review a decision of the Comptroller in taxing the relator's capital stock. The relator is a foreign corporation, incorporated under the laws of the State of New Jersey; it is described by its treasurer as " a proprietary company." Its entire capital is invested in the stock of another corporation, the " Union Stock Yards and Transit Company of Chicago, Ill."

It was formed for the purpose of purchasing the stock of the Union Stock Yards and Transit Company, and has purchased and now owns the greater portion of the stock of such company, in which there are about a dozen other stockholders.

The stock ,of the Union· Stock Yards and Transit Company owned by the relator is deposited with the Central Trust Company of New York and forms the basis or security for a series of bonds issued by the relator amounting to $10,000,000. The relator, in addition to its bonds, has also issued stock.

The relator is a separate and distinct corporation from the Union Stock Yards and Transit Company; the latter continues to carry on business the same as before the relator corporation was formed.

Apparently the only business done by the relator is to receive the dividends upon the stock owned by it in the Union Stock Yards and Transit Company, pay its office expenses and divide the dividends, so received, in dividends among its own stockholders. The only other business it seems ever to have transacted was the purchase of the stock of the Union Stock Yards and Transit Company. It has an office in Jersey City and one in New York; its dividends are received in New York city; the directors meet in New York city and declare dividends upon the relator's stock, and the checks for the payment of such dividends are made out in New York city and transmitted therefrom.

It will thus be seen that all the business of the relator, that is, the receiving of dividends upon the stock owned by it, and the declaring from the money so received dividends upon its own stock and transmitting the same to its stockholders, is all done in the city of New York.

The business carried on in Chicago by the Union Stock Yards and Transit Company by which this money is earned, is a separate and distinct business from that done by the relator, and is done by a separate and distinct corporation and must not be confused with that done by the relator, which is carrying on a separate and distinct business from it.

The relator is, therefore, taxable as a foreign corporation doing business in this State; and, being so taxable, the decision of the Comptroller as to the amount upon which it shall be taxed, we have heretofore held, will not be disturbed unless clearly shown to be erroneous. The amount is not seriously questioned by the relator.

The writ of certiorari should be quashed and the decision of the Comptroller affirmed, with fifty dollars costs and disbursements.

MAYHAM, P. J., and PUTNAM, J., concurred.

Writ of certiorari quashed, decision of Comptroller affirmed, with fifty dollars costs and disbursements.